OF THE
STATE OF DELAWARE

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: June 5, 2015
Date Decided: June 8, 2015

Brad Greenspan
2995 Woodside Rd, Suite 400
Woodside, CA   94062

Gregory V. Varallo, Esquire
Kevin M. Gallagher, Esquire
Christopher H. Lyons, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801

Kevin M. Coen, Esquire
Morris, Nichols, Arsht & Tunnell LP
1201 North Market Street
Wilmington, DE  19801

Kathaleen St. J. McCormick, Esquire
Daniel M. Kirshenbaum, Esquire
Young, Conaway, Stargatt & Taylor
100 North King Street
Wilmington, DE  19899

A. Thompson Bayliss, Esquire
Abrams & Bayliss LLP
20 Montchanin Rd., Suite 200
Wilmington, DE  19807

Daniel B. Rath, Esquire
Rebecca L. Butcher, Esquire
Tyler O'Connell, Esquire
Landis Rath & Cobb LLP
919 North Market Street
Wilmington, DE  19801

RE: *Brad D. Greenspan v. News Corporation, et al.*
     C.A. No. 9567-VCG

Dear Mr. Greenspan and Counsel:

I have Mr. Greenspan's Motion "For Relief Under Rule 59(f), 60(a), 60(b)(1), 60(b)(2), 60(b)(5), 60(b)(6)." This Motion refers to my oral ruling of May 28, 2015, which Mr. Greenspan characterizes as "allow[ing] Defendants to proceed to brief the Motion to Dismiss terminating the litigation while eliminating all the pending motions that Plaintiff has filed and which the Supreme Court ruled 'pending' in its April 13, 2015 ruling." As I understand Mr. Greenspan's Motion, it is based on a fundamental misunderstanding of my oral ruling of May 28. Mr. Greenspan apparently labors under the misconception that I will not consider his Motion to Disqualify filed on March 24, 2015. However, pursuant to my oral

ruling, Mr. Greenspan's Motion to Disqualify is to be briefed together with the Defendants' Motion to Dismiss, and I will hear both motions and oral argument thereon at the same time.

Mr. Greenspan also apparently seeks reconsideration of my denial of his Exceptions to Master Legrow's Final Report dated April 2, 2015. I remain baffled by those Exceptions, which I denied in a Letter Order on May 8, 2015. The Master's Final Report involved Mr. Greenspan's Motion for Recusal, which the Master *granted* in the Final Report. As a result, this matter was reassigned to me for all purposes. It appears that Mr. Greenspan meant to take exception to a scheduling order referenced in the Master's Final Report, although his Exceptions did not so state. If that is the case, his Exceptions are moot, since I extended the time within which he was permitted to respond to certain outstanding motions made by the Defendants, beyond the time permitted by the Master's scheduling order. In any event, to the extent Mr. Greenspan seeks relief from my Letter Order of May 8, 2015, that request is untimely.

For the foregoing reasons, Mr. Greenspan's Motion for Relief "Under Rule 59(f), 60(a), 60(b)(1), 60(b)(2), 60(b)(5), 60(b)(6)" is DENIED. To the extent that the foregoing requires an Order to take effect, IT IS SO ORDERED.

Mr. Greenspan has also sought certification of an interlocutory appeal of the rulings in my letter dated April 29, 2015. I have attached an order denying that request.

Sincerely,

/s/ Sam Glasscock III

Vice Chancellor

cc:    Register in Chancery

2

# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRAD D. GREENSPAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 9567-VCG |
| | ) | |
| NEWS CORPORATION, 21ST CENTURY FOX | ) | |
| CORPORATION, NEWS AMERICA | ) | |
| CORPORATION, WASHINGTON POST | ) | |
| CORPORATION, SONY CORPORATION, SONY | ) | |
| CORPORATION AMERICA, SONY MUSIC | ) | |
| ENTERTAINMENT INC., 550 DIGITAL MEDIA | ) | |
| VENTURES, INC., SONY BROADBAND | ) | |
| ENTERTAINMENT, INC., EUNIVERSE, INC., | ) | |
| NEWS CORPORATION, 21ST CENTURY FOX, | ) | |
| EUNIVERSE, INC., RGRD LAW LLC, | ) | |
| NTAGEPOINT VENTURE PARTNERS, ORRICK | ) | |
| HERRINGTON LAW LLC, EM1 MUSIC, WARNER | ) | |
| MUSIC GROUP, IAC CORPORATION, MYSPACE, | ) | |
| INC., ASKJEEVES, INC., JP MORGAN CHASE | ) | |
| CORPORATION, REDPOINT PARTNERS | ) | |
| CORPORATION, and ARENT FOX LAW LLC INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING LEAVE TO APPEAL FROM INTERLOCUTORY ORDER

This 8th day of June 2015, the Plaintiff having made application under Rule 42 of the Supreme Court for an order certifying an appeal from the interlocutory order of this Court, dated April 29, 2015; and the Court having found that such order fails to decide a substantial issue of material importance that merits appellate review before a final judgment, that none of the criteria of Rule 42(b)(iii) apply,

that Plaintiff has failed to include in the application for interlocutory review a statement that the applicant has determined in good faith that the application meets the criteria set forth, as required by Rule 42(b)(iii), and that the application is untimely; IT IS ORDERED that with respect to this Court's Order of April 29, 2015, the Plaintiff's request for certification of an interlocutory appeal is DENIED.

_/s/Sam Glasscock III_____
Vice Chancellor